# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN A. GOLSON,  :
              Petitioner,
vs.  :  Case No. 3:10-cv-369

                                              District Judge Thomas M. Rose
                                              Magistrate Judge Michael J. Newman

WARDEN, LEBANON  :
CORRECTIONAL INSTITUTION,
              Respondent.  :

## REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 2254, Petitioner ("Petitioner" or "Golson") brings this petition for a writ of *habeas corpus*. Petitioner was convicted of aggravated robbery and kidnapping, with firearm specifications, in December 1998. Doc. 5-2 at PageID 113-18. He was incarcerated in the Lebanon Correctional Institution until April 20, 2012. Currently, he is serving a period of post-release control under the Ohio Adult Parole Authority's supervision.[2] The "in custody" requirement of § 2254 is satisfied when a petitioner is on parole. *See DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993). Therefore, the Court has jurisdiction to rule on Petitioner's § 2254 *habeas* petition even though he is no longer in prison. *See id.*

Proceeding *pro se*, Petitioner pleads the following grounds for relief:

**GROUND ONE**: Ineffective assistance of trial counsel in violation of rights under Sixth and Fourteenth Amendment.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court notes that, now that Petitioner is no longer in the custody of the Lebanon Correctional Institution, the proper Respondent in this case is the Director of the Ohio Department of Rehabilitation and Correction, who oversees the Ohio Adult Parole Authority.

**Supporting Facts**: At re-sentencing hearing held in State trial court, defense counsel failed to object to fact that at original sentencing trial court was authorized to impose only minimum sentences in this case.

**GROUND TWO**: Ineffective assistance of trial counsel in violation of Sixth and Fourteenth Amendment to the U.S. Constitution.

**Supporting Facts**: At Petitioner's re-sentencing hearing on June 2[5], 2008, trial counsel failed to object and bring to the state trial court's attention that Petitioner's legal maximum sentence of six years had expired before his re-sentencing occurred.

**GROUND THREE**: Ineffective assistance of trial counsel in violation of Sixth and Fourteenth Amendment, U.S. Constitution.

**Supporting Facts**: At the re-sentencing hearing of June 2[5], 2008, trial counsel failed to object and bring to state court's attention that aggravated robbery and kidnapping counts in indictment failed to charge offense because of lack of *mens rea* element rendering conviction and sentence for such offenses void.

**GROUND FOUR**: Ineffective assistance of counsel in violation of Sixth and Fourteenth Amendment, U.S. Constitution.

**Supporting Facts**: At re-sentencing hearing of June 2[5], 2008, trial counsel failed to object that Petitioner's re-sentencing was violative of Due Process Clause prohibiting judicial enlargement of sentencing statutes and Double Jeopardy Clause of Ohio and United States Constitution.

Doc. 1 at PageID 5-9 (capitalization altered; periods added).[3]

## I.  PROCEDURAL BACKGROUND

In December 2006, a jury found Petitioner guilty on two counts of aggravated robbery and one count of kidnapping, each carrying a firearm specification. Doc. 5-2 at PageID 113-18. Petitioner was sentenced to a total of twenty nine years imprisonment: nine years on each aggravated robbery count; five years on the kidnapping count; and six years for the firearm specifications (the firearm specifications in Counts Two and Three were merged). *Id.* at PageID 119-20.

---

[3] Petitioner never filed a Reply memorandum. The Court is therefore constrained to these bare assertions in his *habeas* petition.

### A. Initial Appeals

Petitioner unsuccessfully appealed his conviction and sentence to the Ohio Second District Court of Appeals and the Ohio Supreme Court. *See id.* at PageID 121-239. He also filed an application to re-open his direct appeal pursuant to Ohio App. R. 26(B), as well as a motion for a new trial, both of which were denied. *See id.* at PageID 240-77.

Petitioner then filed a *habeas* petition in this Court on December 8, 2003. *Id.* at PageID 278-349. Judge Rose adopted Magistrate Judge Merz's Report and Recommendation that Petitioner's *habeas* claims be dismissed. *Golson v. Brigano*, No. 3:03-cv-475 (S.D. Ohio Mar. 23, 2004) (doc. 5-2 at PageID 350-64). Petitioner did not appeal this Court's decision to the Sixth Circuit Court of Appeals.

Following the denial of his federal *habeas* petition, Petitioner unsuccessfully sought post-conviction relief in the State courts under Ohio Rev. Code § 2953.23, challenging the constitutionality of his sentence following the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). *See* doc. 5-2 at PageID 365-410; doc. 5-3 at PageID 411-57. He also unsuccessfully filed an original action for state *habeas corpus* relief in the Warren County Court of Appeals, the county in which he was imprisoned. Doc. 5-3 at PageID 458-60. Further, he filed a motion for relief from judgment, claiming his indictment was defective, which the Montgomery County Common Pleas Court denied. *Id.* at PageID 499-529.

On January 16, 2008, Petitioner filed a second *habeas* petition in this Court, claiming his sentence was unconstitutional. *Id.* at PageID 461-75. Judge Rice adopted Magistrate Judge Merz's Report and Recommendation that his *habeas* petition be denied as untimely. *Golson v. Brunsman*, 3:08-cv-12 (S.D. Ohio Jan. 31, 2008) (Doc. 5-3 at PageID 489-98).

### B. Re-Sentencing

On June 25, 2008, the Montgomery County Common Pleas Court re-sentenced Petitioner because, at his initial sentencing, he was not notified that he would be subject to a mandatory period of post-release control following his release from prison.[4] Doc. 5-3 at PageID 530-31; *see* Ohio Rev. Code § 2929.191. The trial court issued a *nunc pro tunc* March 4, 1999 termination entry, pursuant to Ohio Revised Code § 2929.191, imposing the same twenty-nine-year prison sentence that was previously imposed, but including language regarding the mandatory period of post-release control. *See* doc. 5-3 at PageID 530-31.

In October 2008, the Ohio Court of Appeals granted Petitioner leave to file a delayed appeal of his June 2008 re-sentencing. *See id.* at PageID 532-48. In his appeal, Petitioner asserted ineffective assistance of counsel with respect to his re-sentencing hearing. *See id.* at PageID 549-64. Specifically, he argued that his attorney was deficient for not raising the following arguments: (1) the Ohio Supreme Court's decision in *State v. Foster* is unconstitutional; (2) his sentence expired after six years (the shortest prison term authorized by statute); (3) the indictments were deficient because they were missing a *mens rea* element; and (4) his sentence was unconstitutional because the State did not prove the required "sentencing enhancers" to impose a more-than-the-minimum sentence. *See id.* On February 19, 2010, the Montgomery County Court of Appeals overruled all of his assignments of error, and affirmed the trial court's 2008 re-sentencing. *State v. Golson*, No. 22927 (Ohio Ct. App. Feb. 19, 2010) (doc. 5-3 at PageID 639-44).

Petitioner then filed a motion for reconsideration. Doc. 5-3 at PageID 645-46. On July 20, 2010, the Montgomery County Court of Appeals denied that motion. *State v. Golson*, No. 22927 (Ohio Ct. App. July 20, 2010) (doc. 5-3 at PageID 649-56).

---

[4] Ohio Revised Code § 2967.28 requires that defendants convicted of a first-degree felony be subject to a

Petitioner timely appealed the Montgomery County Court of Appeals' February 19, 2010 decision to the Ohio Supreme Court. Doc. 5-3 at PageID 657-76. On June 9, 2010, the Ohio Supreme Court denied him leave to appeal and dismissed his appeal as not involving any substantial constitutional question. *State v. Golson*, No. 2010-0558 (June 9, 2010) (doc. 5-3 at PageID 657-77).

On August 13, 2010, Petitioner filed a *pro se* petition to vacate or set aside judgment pursuant to Ohio Rev. Code § 2953.21 in the Montgomery County Common Pleas Court. *Id.* at PageID 678-90. On September 27, 2011, the Common Pleas Court denied his petition to vacate as untimely.[5] *State v. Golson*, No. 1998 CR 04083 (Montgomery Cnty. Ct.Com. Pl. Sept. 27, 2011).

On October 1, 2010, Petitioner filed the instant *habeas* petition in this Court. Doc. 1.

On November 23, 2009, while the above proceedings were pending, Ohio Governor Ted Strickland commuted Petitioner's sentence to fifteen to twenty nine years in prison. Doc. 5-3 at PageID 691-92.

## II. ANALYSIS

A. **AEDPA Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

---

mandatory period of post-release control following his or her release from prison.
[5] This decision was issued after Respondent filed its Return of Writ. The Court found the decision on the Montgomery County Clerk of Courts website. It appears that, since the Return of Writ was filed, Petitioner has made several other *pro se* filings in state court, including a motion for re-sentencing. However, those additional filings do not affect the *habeas* proceedings currently before this Court.

5

A state court decision is considered "contrary to . . . clearly established Federal law" when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation omitted). To be deemed "an unreasonable application of . . . clearly established Federal law," 28 U.S.C. § 2254(d), a state court's decision must be "'objectively unreasonable,' not simply erroneous or incorrect." *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009*)* (citation omitted). Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by a state appellate court's review of trial court records. *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003).

Under principles of comity, the state courts should have the first opportunity to hear *habeas* claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Accordingly, a federal *habeas* petitioner must exhaust his or her state court remedies -- by fairly presenting his or her constitutional claims to the state's highest court -- before raising them in federal court. 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 844-45. If (1) the state court rejected the petitioner's claim based on his or her failure to comply with the state procedural rules, or (2) the petitioner failed to exhaust his or her state court remedies and no avenue of relief remains open, or it would otherwise be futile to pursue the state remedies, the petitioner has waived that claim for *habeas* review under the procedural default doctrine. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

**B.     Grounds One Through Four**

As a preliminary matter, the Court notes that, although this is Petitioner's third *habeas* petition filed in this Court, it does not qualify as a "second or successive" *habeas* petition subject to the statutory requirements under 28 U.S.C. § 2244(b). Petitioner raises issues arising from his re-

sentencing in June 2008 – claims he could not have raised in his first and second *habeas* petitions filed in December 2003 and January 2008. *See Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2795-2803 (2010); *Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007). In other words, there was a new judgment in June 2008 when Petitioner was re-sentenced pursuant to Ohio Rev. Code § 2929.191, and Petitioner is permitted to file a *habeas* petition to challenge this new judgment. *Cf. Shackleford v. Brunsman*, No. 3:10-cv-357, 2011 U.S. Dist. LEXIS 119125, at *5 n. 2 (S.D. Ohio Sept. 16, 2011).[6]

In all four grounds for relief, Petitioner claims the attorney representing him at his 2008 re-sentencing was ineffective in violation of the Sixth Amendment.[7] *See* doc. 1 at PageID 5-9. To prevail on these claims, Petitioner must meet the two-part *Strickland v. Washington* test by demonstrating that his counsel's performance was deficient, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689. Thus, to meet the deficiency prong, the defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

---

[6] The Court also notes that Petitioner's *habeas* petition was timely filed on October 1, 2010. *See* doc. 1. Pursuant to 28 U.S.C. § 2244(d)(1), he was required to file his *habeas* petition within one year from June 9, 2010 (the date his June 25, 2008 re-sentencing judgment became final when the Ohio Supreme Court denied him leave to appeal). *See* doc. 5-3 at PageID 677.

[7] Respondent argues that Ground Three is procedurally barred. *See* doc. 5 at PageID 38-45. However, in the interest of judicial economy, the Court is not required to decide a procedural default issue when it can dispose of the claim on the merits. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

The Montgomery County Court of Appeals rejected Petitioner's ineffective assistance of counsel arguments as follows:

> Golson asserts in the above errors that defense counsel was ineffective at Golson's resentencing hearing in failing to object on several grounds. According to Golson, defense counsel was deficient in failing to object: (1) that the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856 is unconstitutional; (2) that Golson's original sentence, imposed prior to *Foster,* expired after six years (the shortest prison term authorized by statute) and therefore he should not have been resentenced; (3) that his convictions for aggravated robbery and kidnapping resulted from deficient indictments that failed to include the requisite mens rea for the charged offenses; and (4) that Golson's sentence is unconstitutional because the State did not prove "sentencing enhancers," and that a sentence in excess of six years was accordingly prohibited. Golson also asserts that his sentence violates the Double Jeopardy Clause. In a supplemental filing, Golson asserts that his convictions should have been merged as they are allied offenses of similar import.
>
> "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v, Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State* v. *Bradley* (1989), 42 Ohio St.3d 136, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness *and* that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, Montgomery App. No. 21957, 2008-Ohio-493, ¶ 31.
>
> We initially note, Golson has failed to provide us with a sentencing transcript. "Therefore, the record does not portray the errors he alleges. Under such circumstances, we must presume the regularity of the proceedings below" and affirm. (Citation omitted). *State v. Jones,* Montgomery App. No. 20862, 2006-Ohio-2640, ¶ 50; *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197; *State v. Jones*, Montgomery App, No, 20862, 2006-Ohio-2640.
>
> Further, as the State points out, Golson was resentenced, not pursuant to the mandates of *Foster,* but pursuant to R.C. 2929.191 because the court neglected to inform Golson that he would be subject to a mandatory period of post-release control following his release from prison. R.C. 2967.28 provides that every prison sentence for a felony of the first degree shall include a mandatory five-year period of post release control. A trial court is required to notify a defendant at the time of the sentencing hearing of the potential of post release control, and must incorporate that notice into its journal entry. *Stare v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085. Where a sentence fails to contain a statutorily mandated term, such as post release

control, the sentence is void. *Id.* The remedy is to resentence Golson and notify him at the hearing of his post-release control requirements. *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197; *State v. Davis,* Montgomery App. No. 22403, 2008-Ohio-6722; R.C. 2929.191.

      Regarding Golson's *Foster* arguments, "we have held that *Foster* does not operate as an *ex post facto* law. (Citation omitted). We have also repeatedly held that we are without jurisdiction to declare that *Foster*'s mandate operates as an unconstitutional *ex post facto* law. (Citation omitted). Accordingly, [Golson's] argument that the mandate of the supreme court in *Foster* violates the United States Constitution is not cognizable in this court. In addition, we have consistently held that *Foster* does not apply retroactively to those cases that were neither on direct appeal nor still pending in the trial court when *Foster* was decided. (Citation omitted). Because [Golson's] case was neither on direct appeal nor pending in the trial court when *Foster* was decided. *Foster*'s holding is inapplicable to his case," *State v. Kemp,* Clark App. No. 2206 CA 116, 2007-Ohio-5985, ¶ 6. Further, sentencing courts may impose greater than minimum and consecutive sentences without judicial factfinding after *Foster*, contrary to Golson's arguments. *Foster,* paragraph 7 of the syllabus.

Doc. 5-3 at PageID 641-44.

Petitioner moved the Court of Appeals to reconsider its February 19, 2010 decision. *Id.* at PageID 645-46. The Court denied that motion on July 20, 2010. *Id.* at PageID 649-56.

The Court finds that Petitioner's counsel was not deficient for not objecting to Petitioner's sentence on the grounds he now asserts. Nor was his counsel deficient for not challenging the validity of Petitioner's indictment at the re-sentencing hearing. Petitioner was re-sentenced for the limited purpose of notifying him of his mandatory post-release control following his release from prison. *See* doc. 6-2. Indeed, the judge opened the re-sentencing hearing by stating, "Mr. Golson, you were brought back for the purposes of re-sentencing you so that I can inform you of your mandatory post-release control. It's my intention to sentence you as I did previously." *Id.* at PageID 1675. The judge then imposed the same sentence on each count for a total of twenty-nine years imprisonment. *Compare* doc. 5-2 at PageID 119-20 *with* doc. 5-3 at PageID 530-31. The only difference in Petitioner's new sentence was that he was officially notified of the mandatory period of post-release control upon his release from prison. *See id.*

Before his 2008 re-sentencing, Petitioner had challenged his sentence on all of the grounds he now raises, and each time his sentence was upheld. The Montgomery County Court of Appeals and this Court determined that his sentence was within the statutory guidelines and constitutional. *See State v. Golson*, No. 17707 (Ohio Ct. App. Mar. 9, 2001) (doc. 5-2 at PageID 204-08); *Golson v. Brigano*, No. 3:03-cv-475 (S.D. Ohio Jan. 5, 2004) (doc. 5-2 at PageID 357-58). Likewise, the Warren County Court of Appeals held that his sentence did not violate the Double Jeopardy Clause in light of the U.S. Supreme Court's holdings in *Apprendi* and *Blakely*; nor did it violate the Ohio Supreme Court's decision in *Foster*. *State ex rel. Golson v. Moore*, No. CA2007-04-054 (Ohio Ct. App. June 20, 2007) (doc. 5-3 at PageID 458-60).

Additionally, the Montgomery County Common Pleas Court denied his claim that his indictment was defective thus rendering his sentence void. *State v. Golson*, No. 1998 CR 4083 (Montgomery Cnty. Ct. Com.Pl. Mar. 31, 2010) (doc. 5-3 at PageID 528-29).

Accordingly, in light of the numerous decisions rejecting Petitioner's arguments, the Court finds that Petitioner has failed to demonstrate that his attorney was deficient for not raising them at his re-sentencing, which was held for the limited purpose of notifying him of his mandatory period of post-release control. Moreover, even assuming, *arguendo*, that Petitioner had satisfied the deficiency prong, his claim nonetheless fails because he has not satisfied the prejudice prong either. The Court finds there is no reasonable likelihood the outcome would have been different had his attorney attempted to make these arguments at Petitioner's re-sentencing hearing. Thus, having failed to satisfy the *Strickland v. Washington* test, Grounds One through Four -- all asserting ineffective assistance of counsel claims -- should be dismissed.

### III. RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED** with prejudice and this case be **TERMINATED** on the Court's docket.

Reasonable jurists would not disagree with the recommended dispositions on all grounds for relief. Therefore, if Petitioner seeks to appeal, the Court **RECOMMENDS** that Petitioner be **DENIED** a certificate of appealability.


June 1, 2012                                                                               s/ **Michael J. Newman**
                                                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).